# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

JIM NAVARRO,

        Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Case No. 2:17-cv-00650-KJD-VCF

**ORDER AND
REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 4), COMPLAINT (ECF NO. 1), AND MOTION TO APPOINT COUNSEL (ECF NO. 5)

---

This matter involves Plaintiff Jim Navarro's civil-rights action against the United States of America, the former United States Secretary of Veterans Affairs, the former Commissioner of Social Security Administration, the former United States Secretary of Health and Human Services, and the former Attorney General of the United States. *See generally* (ECF No. 1[1]). Before the court are Navarro's Application to Proceed *In Forma Pauperis* (ECF No. 4), Complaint (ECF No. 1), and Motion to Appoint Counsel (ECF No. 5). For the reasons stated below, Navarro's *In Forma Pauperis* Application is granted. It is recommended that Navarro's Complaint be dismissed with prejudice.

## I. *In Forma Pauperis* Applications

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under

---

[1] Parenthetical citations refer to the Court's docket.

28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." *Id*. Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.) ("The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under § 1915"), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002); *Shobe v. People of State of Cal.*, 362 F.2d 545, 546 (9th Cir. 1966) (same).

Here, Navarro's affidavit states that he is "homeless," has a monthly income of $220 consisting of $200 in Food Stamps and $20 for donating blood, and no money in the bank. ECF No. 4. Accordingly, Navarro's Application to Proceed *In Forma Pauperis* is granted.

## II. 28 U.S.C.A. Section 1915(e) Screening

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id*., or lack an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Id*. at 327–28.

The court's review is guided by Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8(a) provides that a complaint "that states a claim for relief must contain … a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *Id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If a court dismisses a complaint under § 1915(e) for failing to comply with Rule 8's requirements, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

/ / /

/ / /

### III. Analysis

Navarro's Complaint states three causes of action. Count one alleges that "I have no Rights 1st Amendment I guess I have." Count one goes on to allege the following:

> I made a statement to the Justice Department in Washington D.C. I am the only citizen of the United States that can prove I have no constitutional or civil rights or no voting rights that a United States Attorney cares to investigate on my behalf – I named two of those Attorney to the Honorable Mrs. Loretta Lynch – Don't expect to hear back from her. Don't know what Right's Ive lost it I never had them – I guess Filin this in United States District Court is A 1st Amendment Right – or the waste of paper! 'Legal Representation' – That's a Right very Few Minorities receive, Ive ask the Court to send that part of the Complaint to the nineth Circuit of Appeals.

ECF No. 1 at 4. Count two also initially states that "I have no Rights as a Citizen." Count two then alleges the following:

> IF A United States Court could tell me what Rights I have as a United States Citizen an A Patriot – you won't see me Marching Against any Police Office – As a Homeless person For over ten years I wouldn't Be here today if it wasn't For North Las Vegas Police Force. Than I can list the Rights I've lost – no voting Rights I know I don't have that Probable The Only person that can prove its easy to Manipulate the legal system Against Myself an my Fellow co-workers – some that have die waitin For Medical Treatment in Nevada Thanks to The Governor of Nevada when he was Attorney General than United States District Judge in Nevada.

*Id*. at 5.

Similar to Counts one and two, Count three first alleges "I have no Rights as a citizen 14th." *Id*. at 6. Count three goes on to allege the following:

> In Fifteen years I haven't Been unable to see the inside of A United States District Court Didn't matter what legal Issue I had or violation of any constitutional Rights I've lost. I am patriot so I continue to work on Issues For Minorities as long as my eye sight holds out a little bit longer – have a lot of pain in my Back so can't sit in one position For very long, no more

4

> than 30 minutes – Sets a Presedent 35 years Asking For a Disability Benefit from the VA, 15 years Applying For Disability From Social Security Administration reject my Application in Record Time less than a month Jan 29th 2015 to Feb 20 2015 – Retaliation Against Me For Being outspoken about her employees All a person has to do is lose two Appeals an they become Homeless! I hope Mrs. Carolyn Colvin Knows that? 'Great System in America' for 1% of Americans.

*Id*.

To state a claim under § 1983, a plaintiff must plausibly show "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Stated differently, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). When a complaint asserts violations of a plaintiff's constitutional rights and names federal actors as defendants, it is properly construed as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395, 91 S. Ct. 1999, 2004, 29 L. Ed. 2d 619 (1971). In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a person's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 519, 151 L. Ed. 2d 456 (2001); *see also Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*").

The Court recommends dismissal because, *inter alia*, no claim is stated under § 1983 or *Bivens*. First, Navarro has not made out a claim under § 1983, and amendment would be futile. Plaintiff alleges action by federal officials acting under color of federal law, and no § 1983 claim lies under those circumstances. *See* 42 U.S.C. § 1983 ("Every person who, *under color of any statute, ordinance,*

*regulation, custom, or usage, of any **State or Territory or the District of Columbia***, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...." (emphases added)); *see also John's Insulation, Inc. v. Siska Const. Co*., 774 F. Supp. 156, 161 (S.D.N.Y. 1991) ("Actions of the Federal Government or its officers are exempt from the proscriptions of § 1983") (citing *District of Columbia v. Carter*, 409 U.S. 418, 424-25, 93 S.Ct. 602, 606-07, 34 L.Ed.2d 613 (1973).

Nor is a *Bivens* action viable. *Bivens* actions do not lie where there is an alternative, existing process whereby a plaintiff may protect his interests, and the availability of judicial review of an agency decision is such a process. *W. Radio Servs. Co. v. U.S. Forest Serv*., 578 F.3d 1116, 1120–21 (9th Cir. 2009) (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). The Supreme Court has explicitly declined to extend *Bivens* in many contexts. *Mirmehdi v. United States*, 689 F.3d 975, 980–81 (9th Cir. 2011) (collecting cases and citing, *inter alia*, *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (holding that denials of social security benefits do not give rise to *Bivens* claims)). To the extent that Navarro provides allegations in support of the elements of a §1983 or *Bivens* claim, the allegations are conclusory.[2] Because

---

[2] In the Complaint's "nature of the case" section, Navarro alleges that "I accuse the VA and Social Security Administration of 18 USCA (1341) an 18 USC (1001)." ECF No. 1 at 3. Neither of those statutes, however, allow for a private federal claim for relief. *See, e.g.*, *Todd Holding Co. v. Super Valu Stores, Inc*., 744 F. Supp. 1025, 1026 (D. Colo. 1990) ("There is no private federal claim for relief for mail or wire fraud."); 28 Barbara Van Arsdale et al., *Federal Procedure, Lawyer's Edition*, § 63:404 (2017) ("There is no private federal claim for mail fraud and the district court is without jurisdiction to entertain a private action under § 1341."); *Johnson v. Cullen*, 925 F. Supp. 244, 251 (D. Del. 1996) ("[T]here is no private right of action available to plaintiffs under 18 U.S.C. § 1001."); *Federal Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137–38 (4th Cir.1987) (finding no basis to imply a civil cause of action under 18 U.S.C. § 1001).

it is clear from the face of the complaint that the deficiencies cannot be cured by amendment, Navarro's Complaint should be dismissed with prejudice. *See Cato*, 70 F.3d at 1106.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Navarro's Application to Proceed *In Forma Pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Navarro is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Navarro's Motion to Appoint Counsel (ECF No. 5) is DENIED.

IT IS RECOMMENDED that Navarro's Complaint (ECF No. 1) be DISMISSED with prejudice.

/ / /

/ / /

/ / /

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see also Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of April, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE